## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No. |
| DUDE PRODUCTS, INC., *et al.*, | |
| Defendants. | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Owners Insurance Company ("Owners"), through its undersigned attorneys, hereby brings its Complaint for Declaratory Judgment against Dude Products, Inc. ("Dude Products"), Arlene Wyant ("Wyant"), Dexter Cobb ("Cobb"), and Josefina Darnall ("Darnall") (collectively, "Defendants"), and in further support thereof, alleges as follows:

### NATURE OF THE CASE

1. This is a Declaratory Judgment action to determine the rights and obligations under a commercial liability insurance policy, arising out of the allegations against Dude Products in the putative class action lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, captioned *Arlene Wyant, Dexter Cobb, and Josefina Darnell, individually and on behalf of all others similarly situated v. Dude Products, Inc.*, Case No. 1:21-cv-00682, ("Underlying Lawsuit").

2. Specifically, Owners seeks a declaration that under the policy, it has no obligation to defend and/or indemnify Dude Products with regard to the Underlying Lawsuit.

**THE PARTIES**

3. Owners is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located in Lansing, Michigan. Therefore, Owners is a citizen of the States of Ohio and Michigan.

4. Dude Products is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Chicago, Illinois. Therefore, Dude Products is a citizen of the States of Delaware and Illinois. Dude Products is the named insured under the insurance policy at issue in this coverage action.

5. Wyant resides in Clinton Corners, New York, and is therefore a citizen of the State of New York. Owners names Wyant as a potentially interested party by virtue of her status as a named plaintiff and purported class representative in the Underlying Lawsuit. Owners seeks no affirmative relief against Wyant.

6. Cobb resides in Los Angeles, California, and is therefore a citizen of the State of California. Owners names Cobb as a potentially interested party by virtue of his status as a named plaintiff and purported class representative in the Underlying Lawsuit. Owners seeks no affirmative relief against Cobb.

7. Darnall resides in Alsip, Illinois, and is therefore a citizen of the State of Illinois. Owners names Darnall as a potentially interested party by virtue of her status as a named plaintiff and purported class representative in the Underlying Lawsuit. Owners seeks no affirmative relief against Darnall.

**JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this lawsuit occurred in the Northern District of Illinois, including where Dude Products maintains its principle place of business, where Darnall alleges that she sustained her injury, where the underlying lawsuit is pending, and where the subject policies were issued.

10. An actual justiciable controversy exists between Owners and Dude Products, and pursuant to Fed. R. Civ. P 57 and 28 U.S.C. §§ 2201, this Court has the authority to declare the rights and liabilities of the parties, and to grant such relief as it deems necessary and proper.

**FACTUAL BACKGROUND**

**A.   The Underlying Lawsuit**

11. On February 5, 2021, Wyant and Cobb filed a Class Action Complaint against Dude Products in the United States District Court for the Northern District of Illinois, Eastern Division, captioned *Arlene Wyant, Dexter Cobb, and Josefina Darnell, individually and on behalf of all others similarly situated v. Dude Products, Inc.*, Case No. 1:21-cv-00682. On May 3, 2021, Wyant, Cobb, and Darnall, on behalf of themselves and other similarly situated ("Underlying Class"), filed a First Amended Class Action Complaint ("Underlying Complaint") against Dude Products. A true and accurate copy of the Underlying Complaint is attached as Exhibit A.

12. The Underlying Class alleges that Dude Products marketed and sold a line of products branded as Dude Wipes, which are packaged as moistened pieces of cloth, which come as pre-cut folded rectangles and are marketed as a "flushable" toilet paper alternative.

13. The Underlying Class alleges that Dude Products engaged in "widespread false and deceptive advertising" by claiming that Dude Wipes are "flushable"—a term which the Underlying Class alleges is commonly understood to mean suitable for disposal by flushing down a toilet, and would "quickly disintegrate into small pieces such that it can pass through sewer systems without issue."

14. The Underlying Class alleges that based on Dude Products' representations and warrants that Dude Wipes are "flushable," each purchased Dude Wipes at a premium for $3.89—nearly five times more than comparable non-flushable wipes.

15. The Underlying Class alleges that numerous studies prove that Dude Wipes, in fact, are not "flushable" because they "do not break apart or disperse after flushing," and that Dude Products knew that its "flushable" claims were false.

16. The Underlying Class alleges that had Dude Products not made these misrepresentations, the Underlying Class "would not have purchased Dude Wipes or would not have paid as much as they did for such products."

17. In particular, Cobb alleges that in October of 2020, he bought Dude Wipes for $3.89 from a Target in Los Angeles, California. To do so, he "reviewed the product's labeling and packaging and saw that the Dude Wipes were purportedly 'flushable' on the front panel," and "relied on that representation to choose his flushable wipes over comparable products." In doing so, Cobb "paid a substantial price premium due to the false and misleading" "flushable" claims, and therefore "did not receive the benefit of his bargain because his Dude Wipes, in fact, were not flushable." Cobb alleges that he would not have purchased Dude Wipes and sustained his loss "had he known that the representations were not true."

18. Likewise, Darnall alleges that on December 1, 2021, she bought Dude Wipes for $3.89 from Jewel Osco in Alsip, Illinois. To do so, she "reviewed the product's labeling and packaging and saw that the Dude Wipes were purportedly 'flushable' on the front panel," and "relied on that representation to choose her flushable wipes over comparable products." In doing so, Darnall "paid a substantial price premium due to the false and misleading" "flushable" claims, and therefore "did not receive the benefit of her bargain because her Dude Wipes, in fact, were not flushable." Darnall alleges that she would not have purchased Dude Wipes and sustained her loss "had she known that the representations were not true."

19. Wyant also alleges that on January 10, 2021, she bought Dude Wipes for $3.89 from Hannaford Brothers in Kingston, New York. To do so, she "reviewed the product's labeling and packaging and saw that the Dude Wipes were purportedly 'flushable' on the front panel," and "relied on that representation to choose her flushable wipes over comparable products." In doing so, Wyant "paid a substantial price premium due to the false and misleading" "flushable" claims, and therefore "did not receive the benefit of her bargain because her Dude Wipes, in fact, were not flushable." As support for her allegation that she "did not receive the benefit of her bargain," Wyant alleges that as a result of the Dude Wipes, she "experience plumbing issues, including the clogging of her home plumbing." Darnall alleges that she would not have purchased Dude Wipes and sustained her loss "had she known that the representations were not true."

20. The Underlying Complaint seeks to certify a class, defined as all people who purchased any Dude Wipes product that falsely advertised that the product was purportedly "flushable" during the applicable statute of limitations. Within the purported class, the Underlying Complaint seeks to certify five subclasses: (1) the national subclass; (2) the New York subclass represented by Wyant; (3) the California subclass represented by Cobb; (4) the Illinois subclass

represented by Darnell; and (5) the Consumer Fraud Multi-State Class consisting of class members who reside in the states of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York and Washington.

21. The California Subclass alleges causes of action for violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.* (Count I), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (Count II), California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* (Count III), Breach of Express Warranty (Count VI), and Breach of Implied Warranty (Count VII).

22. The New York Subclass alleges causes of action for violations of New York's General Business Law § 349 (Count IV), New York's General Business Law § 350 (Count V), and Breach of Express Warranty (Count VI).

23. The Illinois Subclass alleges causes of action for Breach of Express Warranty (Count VI), Breach of Implied Warranty (Count VII) and the Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.* (Count VIII).

24. The Consumer Fraud Multi-State Class alleges a cause of action for violation of the State Consumer Fraud Acts (Count IX).

25. The Underlying Class seeks an order requiring Dude Products to "disgorge and make restitution of all monies [Dude Products] acquired by means of [its] unlawful practices"; enjoining Dude Products from its alleged unlawful practices, and directing Dude Products to identify, with Court supervision, victims of its conduct and "pay them all the money they are required to pay"; and awarding the Underlying Class their costs and expenses incurred in the action, including reasonable attorneys' fees.

**B.     The Policy**

26.     Owners insured Dude Products under policy no. 154604-07130020-20 ("Policy") for the period from April 21, 2020 to April 21, 2021. The Policy provides Commercial General Liability coverage with a general aggregate liability limit of $2,000,000 and a Personal and Advertising Injury limit of $1,000,000. A true and accurate copy of the Policy is attached as Exhibit B.

27.     The Policy, as modified by the Endorsement, provides as follows:

SECTION I – COVERAGES

COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.   Insuring Agreement

   a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .
   . . .

2.   Exclusions

. . .

   a.   Expected or Intended Injury. "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

   m.   Damage to Impaired Property or Property Not Physically Injured. "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

      (1)   A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

      (2)   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

    This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

COVERAGE B- PERSONAL AND ADVERTISING INJURY LIABILITY

1. Insuring Agreement

  a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising jury" to which this insurance does not apply. . .

2. Exclusions This insurance does not apply to:

  a. Knowing Violation of Rights of Another "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury"

  b. Material Published with Knowledge of Falsity "Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

. . .

  g. Quality or Performance of Goods – Failure to Conform to Statements

   "Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement."

SECTION V – DEFINITIONS

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.

For the purposes of this definition:

  a. Notices that are published include material placed on the internet or on similar electronic means of communication; and

      b.      Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

. . .

3.      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

14.      "Personal and advertising injury" means injury including consequential "bodily injury" arising out of one or more of the following offenses;

      a.      False arrest, detention, or imprisonment;

      b.      Malicious prosecution;

      c.      the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

      d.      Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

      e.      Oral or written publication of material, in any manner, that violates a person's right of privacy;

      f.      the use of another's advertising idea in your "advertisement";

      g.      Infringing upon another's copyright, trade dress or slogan in your "advertisement"; or

      h.      Discrimination, humiliation, sexual harassment, and any violation of civil rights caused by such discrimination, humiliation or sexual harassment.

. . .

17.      "Property damage" means:

      a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

21.    "Your product"

      a.      Means:

           (1)      Any goods or products, other than real property, manufactured, sold, handled, distributed, or disposed of by:

                (a)      You;

                (b)      Others trading under your name; or

                (c)      A person or organization whose business or assets you have acquired; and

           (2)      Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

      b.      Includes:

           (1)      Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product;" and

           (2)      The providing of or failure to provide warnings or instructions. . . .

22.    "Your work":

      a.      Means:

           (1)      Work or operations performed by you or on your behalf; and

           (2)      Materials, parts or equipment furnished in connection with such work or operations.

      b.      Includes

           (1)      Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

           (2)      The providing of or failure to provide warnings or instructions.

**C.     The Claim**

28.     On approximately February 10, 2021, Dude Products tendered to Owners the defense of the Underlying Lawsuit.

29.     On March 17, 2021, Owners notified Dude Products that it had reviewed the Policy and determined that the Policy did not entitle Dude Products to a defense or indemnity in connection with the Underlying Lawsuit.

30.     On April 19, 2021, Dude Products requested that Owners reconsider its coverage position and provide a defense to Dude Products.

31.     On May 3, 2021, an Amended Complaint was filed.

32.     On May 10, 2021, Owners reasserted that the Policy did not cover the allegations against Dude Products.

33.     To date, Dude Product has not withdrawn its tender.

## COUNT I – DECLARATORY JUDGMENT

34.      The foregoing paragraphs of this Complaint are incorporated in this Paragraph 33 as if specifically and fully set forth.

35.     The Underlying Class alleges that based on Dude Products' false and misleading representations that Dude Wipes are "flushable," each purchased Dude Wipes at a premium for $3.89—nearly five times more than comparable non-flushable wipes.

36.     To do so, each member of the Underlying Class "reviewed the product's labeling and packaging and saw that the Dude Wipes were purportedly 'flushable' on the front panel," and "relied on that representation to choose [Dude Wipes] over comparable products." Accordingly, each member "did not receive the benefit of [the] bargain because [the] Dude Wipes, in fact, were

-11-

not flushable." Each member alleges that he or she would not have purchased Dude Wipes and sustained this economic loss had they "known that the representations were not true."

37. Because none of these allegations fall within the Policy's definitions of "bodily injury," "property damage," or "personal and advertising injury," Dude Products is not entitled to coverage under the Policy.

38. In addition and in the alternative, the Policy only covers damages that Dude Products "becomes legally obligated to pay as damages *because of*" "bodily injury," "property damage," or "personal and advertising injury." The Underlying Complaint does not assert any claims "because of" any such injury, but instead seeks damages for the actual purchase of the wipes, which allegedly resulted from Dude Products' misrepresentations. Accordingly, the Policy does not cover the allegations in the Underlying Complaint.

39. In addition and in the alternative, Coverage B, Exclusion b., titled "Material Published With Knowledge of Falsity," precludes liability coverage for "personal and advertising injury" arising out of an "oral or written publication, in any manner, of material, if done by or at the direction of [Dude Products] with knowledge of its falsity." The Underlying Complaint alleges that, when Dude Products marketed and sold Dude Wipes as "flushable," it knew that this claim was false, and that Dude Wipes failed to break down and disperse in the same manner and at the same rate as toilet paper and other flushable products. Accordingly, this exclusion applies to the Underlying Complaint and precludes coverage for personal and advertising injury under the Policy.

40. In addition and in the alternative, Coverage B, Exclusion g., titled "Quality Or Performance Of Goods – Failure To Conform To Statements," precludes liability coverage for "personal and advertising injury" arising out of the "failure of goods, products or services to

conform with any statement of quality or performance made in [Dude Products'] 'advertisement.'" The Underlying Complaint alleges that, when Dude Products marketed and sold Dude Wipes as "flushable," it knew that Dude Wipes failed to break down and disperse in the same manner and at the same rate as toilet paper and other flushable products. Accordingly, this exclusion applies to the Underlying Complaint and precludes coverage for personal and advertising injury under the Policy.

41. In addition and in the alternative, Coverage A, Exclusion m., titled "Damage to Impaired Property or Property Not Physically Injured," precludes liability coverage for "property damage" or "impaired property" arising out of "a defect, deficiency, inadequacy or dangerous condition in 'your product'[.]" The Underlying Complaint alleges that Dude Wipes were defective, deficient, and inadequate to serve as "flushable" wipes because they fail to break down and disperse in the same manner and at the same rate as toilet paper and other flushable products. Accordingly, this exclusion applies to the Underlying Complaint and precludes coverage for property damage.

42. In addition and in the alternative, Coverage A, Exclusion a., titled "Expected or Intended Injury," precludes liability coverage for "property damage" when such damage is "expected or intended from the standpoint of" Dude Products. The Underlying Complaint alleges that Dude Products knew that its Dude Wipes failed to break down and could result in clogged sewer pipes and, therefore, Dude Products would have expected any property damage resulting from customers who flushed the Dude Wipes. Accordingly, this exclusion applies to the Underlying Complaint and precludes coverage for property damage.

43. Owners specifically denies any and all liability under the Policy and insists that it is not obligated to defend or indemnify any judgment entered against Dude Products in the

Underlying Lawsuit and, by reason of such demand, Owners is in peril and in danger of loss unless the Policy is properly construed and the rights of all parties hereto determined in this action.

44. Accordingly, Owners seeks a declaration that it has no obligation under the Policy to defend and/or indemnify Dude Products with regard to the allegations in the Underlying Complaint.

WHEREFORE, Owners Insurance Company respectfully requests that this Court enter judgment as follows:

(1) Declaring that under the Policy, Owners Insurance Company owes no duty to defend or indemnify Dude Products in connection with the Underlying Lawsuit; and

(2) Awarding Owners Insurance Company any such other relief that the Court deems just and proper.

Dated this 1st day of June, 2022.

Respectfully submitted,

/s/ Krysta K. Gumbiner_____
Krysta K. Gumbiner
Brian J. Talcott
Dinsmore & Shohl LLP
222 W. Adams Street, Suite 3400
Chicago, IL 60606
Phone: (312) 372-6060
Fax: (312) 372-6085
Krysta.Gumbiner@Dinsmore.com
Brian.Talcott@Dinsmore.com

***Attorneys for Owners Insurance Company***